Filed 5/24/16  P. v. Thom CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C079928 |
| v. | (Super. Ct. No. MCYKCRBF14448) |
| JETTY BERNARD THOM, JR., | |
| Defendant and Appellant. | |

Appointed counsel for defendant Jetty Bernard Thom, Jr., has asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On March 1, 2014, Joshua Short, the Chief of Police for the City of Etna, was searching for defendant.  Defendant's parole officer reported defendant had cut off his GPS monitoring device and his last location was within a few blocks of

1

Stephanie Johnson's home.[1]  Chief Short went to Stephanie's home and, as he arrived, he received a report defendant was trying to break into Stephanie's home through the back door.  He found defendant crouched down by her back door.  Chief Short told defendant he was there to arrest him.  Defendant fled, scaling a chain link fence.

On March 30, 2014, Stephanie called Chief Short and told him defendant had broken into her home and stolen numerous items.  Stephanie described getting ready for bed when she heard defendant trying to get into the house.  He was able to force open a door and as he entered the house told Stephanie, "you better quit running your mouth," and, "if you call the cops again I'll kill you."  At the time he was threatening Stephanie, defendant was carrying a metal pipe from a bicycle pump.

The People charged defendant with one count of first degree burglary with a person present, one count of first degree burglary, making criminal threats, dissuading a witness by force or threat, and stalking.  The People alleged numerous sentencing enhancement allegations, including an allegation defendant was previously convicted of a strike offense, previously convicted of domestic violence, and previously served three prison terms.

In June 2015, defendant pleaded no contest to first degree burglary with a person present, dissuading a witness by force or threat, and stalking.  Defendant also admitted the allegations the witness he intimated was the victim and he was previously convicted of domestic violence.  In exchange, the People moved to dismiss the remaining charges and strike the remaining enhancement allegations, which the court granted.  The People also agreed to a sentence of eight years in state prison.

On July 28, 2015, the trial court sentenced defendant to serve the agreed upon term of eight years in state prison, ordered him to pay various fines and fees, and awarded

---

[1]     Defendant and Stephanie Johnson had been dating for 20 years.

2

him 591 days of custody credit. The court also imposed a criminal protective order and reserved the issue of restitution.

Defendant filed a timely notice of appeal but did not obtain a certificate of probable cause.

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


_____/s/_____
HOCH, J.


We concur:


_____/s/_____
RAYE, P. J.


_____/s/_____
MAURO, J.


3